1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
3  LINDA MOTT
   Assistant United States Attorney
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  (702) 388-6059
   Linda.j.mott@usdoj.gov
6  Attorneys for the United States

7

8                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
9

10 | UNITED STATES OF AMERICA, | 2:19-CR-129-JCM-DJA |

11 | Plaintiff, | **Stipulation Modify the Plea Agreement as to Rafael Martinez and Order** |

12 | v. | |

13 | RAFAEL MARTINEZ, | |

14 | Defendant. | |

15   The United States of America and Rafael Martinez, and his counsel, Brandon

16 Jaroch, agree as follows:

17   1.   The government and Rafael Martinez seek to modify the Plea Agreement

18 (ECF No. 50) only as to forfeiture. The Plea Agreement will remain in effect as to all other

19 aspects of the agreement.

20   2.   The defendant knowingly and voluntarily agrees to the forfeiture of the

21 property and the imposition of the forfeiture of the property as set forth in the Forfeiture

22 Allegation of the Superseding Criminal Information and this Stipulation to Modify the Plea

23 Agreement.

24   3.   The defendant understands the district court will impose forfeiture of the

25 property.

26   4.   The defendant knowingly and voluntarily:

27       a.   Agrees to the district court imposing the civil judicial forfeiture or the

28 criminal forfeiture of:

1. a Sig Sauer, model SP2340, .40 caliber, serial number SP0027878; and

2. any and all ammunition

(all of which constitutes property);

  b. Agrees to the abandonment, the civil, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

  c. Abandons or forfeits the property to the United States;

  d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

  e. Waives defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

  f. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

  g. Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the abandonment or the forfeiture and disposition of the property;

  h. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

  i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to announce the forfeiture at sentencing, and all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

j. Waives defendant's right to a jury trial on the forfeiture of the property;

k. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

l. Agrees to the entry of an Order of Forfeiture of the property to the United States;

m. Waives the right to appeal any Order of Forfeiture;

n. Agrees the property is forfeited to the United States;

o. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

p. Agrees and understands the USAO may amend the forfeiture order at any time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e);

q. Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

r. Agrees to take all steps as requested by the USAO to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. Defendant shall provide the USAO with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement. The financial statement shall disclose to the USAO all of assets and financial interests valued at more than $1,000. Defendant

understands these assets and financial interests include all assets and financial interests that defendant has an interest, direct or indirect, whether held in defendant's name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $1,000 which defendant has transferred to third parties or diverted from defendant directly to third parties, since April 22, 2019, including the location of the assets and the identity of any third party.

  s. The defendant admits the property is any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1), and is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

  5. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

  6. The Stipulation contains the entire agreement between the parties.

  7. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

  8. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

  9. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

  10. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

  11. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by

counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

       IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 2/12/2020

BRANDON JAROCH
Counsel for Rafael Martinez

DATED: 2/12/2020

Rafael Martinez

DATED: February 12, 2020

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Linda Mott

LINDA MOTT
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED: February 13, 2020

5